Paul Hilf
267 Los Palmos Way
San Jose, California [95119]



FILED
AUG 21 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE



# United States District Court
## Northern District of California

CV 15-03833 PSG

Paul Hilf

*Plaintiff*

v.

Matthew Grasmuck,
Arthur Trujillo

*Defendants*

Case no.:

**COMPLAINT FOR DAMAGES**

VIOLATION OF RIGHTS UNDER 42 USC SECTION 1983, FOURTH AMENDMENT VIOLATION: WARRANTLESS ARREST LACKING PROBABLE CAUSE. FIFTH AMENDMENT VIOLATION: LOSS OF LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW.

CLAIM FOR DAMAGES.
LOSS OF PROPERTY,
LOSS OF EMPLOYMENT,
EMOTIONAL DISTRESS.

*JURY TRIAL DEMANDED*

## COMPLAINT

   *PLAINTIFF* Paul Hilf sues defendant Matthew Grasmuck and defendant Arthur Trujillo, each in his private, personal capacity, for money damages and states:

[Pleading Title] - 1

## JURISDICTIONAL ALLEGATIONS

1. This is an action for money damages in excess of $50,000.

2. At all times material to this lawsuit, Paul Hilf was a resident of Santa Clara County.

3. At all times material to this lawsuit, Matthew Grasmuck was a resident of California and employed in Santa Clara County by the California Highway Patrol in San Jose.

4. At all times material to this lawsuit, Arthur Trujillo was a resident of California and operated a towing business located in San Jose in Santa Clara County.

5. All acts necessary or precedent to the bringing of this lawsuit occurred in Santa Clara County, California.

6. This action arises under the Fourth and Fifth Amendments to the U.S. Constitution pursuant to 42 USC Sections 1983 and 1988.

7. This Court has jurisdiction pursuant to the provisions of 28 USC Sections 1331 and 1343.

## GENERAL FACTUAL ALLEGATIONS

8. On August 20th, 2014 defendant Matthew Grasmuck, while employed in his capacity as a California Highway Patrol officer, by a show of force and authority, arrested plaintiff Paul Hilf and held him captive for nearly one hour.

9. At all times material to this lawsuit, defendant Matthew Grasmuck did not possess a warrant for the arrest of plaintiff.

10. At all times material to this lawsuit, defendant Matthew Grasmuck did not have probable cause to believe plaintiff had committed or was about to commit a crime.

11. At all times material to this lawsuit, no exigent or emergency circumstances existed.

12. At all times material to this lawsuit, at the time of the unlawful arrest, plaintiff gave defendant Matthew Grasmuck verbal notice as to his duties and obligations under the Constitution and per his oath of office, and defendant was aware and had full knowledge of such.

[Pleading Title] - 2

13. At all times material to this lawsuit, at the time of the unlawful arrest, plaintiff made available his copy of the Vehicle Code to defendant Grasmuck so that he could see among the several sections that were hi-lited and flagged, that pursuant to section 40300.5 the arrest was not authorized under the circumstances.

14. At all times material to this lawsuit, defendant Matthew Grasmuck persisted in his unlawful conduct with deliberate disregard for the rights and property of plaintiff and deliberate indifference to likely Constitutional violations despite having been advised of such.

15. All acts complained of herein took place under *color of law.*

16. All acts complained of herein violated U.S. Code Title 18, Sections 241 and 242.

17. All acts complained of herein violated U.S. Code Title 42, Section 1983.

## FIRST CAUSE OF ACTION: UNLAWFUL ARREST, FALSE IMPRISONMENT

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations

18. Plaintiff suffered the trespass of loss of liberty and false imprisonment due to the conduct of defendant Grasmuck which was contrary to and in violation of the Fourth and Fifth amendments to the U.S. Constitution, and in defiance of defendant's oath of office.

19. Said unlawful arrest without warrant did cause plaintiff's false imprisonment for nearly one hour.

Wherefore Paul Hilf demands judgement for money damages against defendant Matthew Grasmuck, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## SECOND CAUSE OF ACTION: DEPRIVED OF PROPERTY WITHOUT DUE PROCESS

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

20. During this unlawful arrest complained of herein, defendant Matthew Grasmuck did conspire with Arthur Trujillo, co-defendant in this suit, to seize (take)

plaintiff's private property, a 1999 Mazda pick-up, without a warrant, without due process of law, and without just compensation.

21. At all times material to this lawsuit, defendant Trujillo participated in this unlawful taking of plaintiff's property voluntarily, of his own free will, in cooperation with defendant Grasmuck as a business arrangement for his own financial gain.

22. At all times material to this lawsuit, defendant Trujillo did not act as the result of any lawful court process, and was not in possession of any court judgement or order which would have authorized him to take possession of plaintiff''s 99 Mazda pick-up, to tow it, store it, or attempt to charge money for such.

23. At all times material to this lawsuit, defendant Arthur Trujillo was not under any lawful order or command from defendant Grasmuck, or a legal obligation of any sort to take plaintiff's property.

24. At all times material to this lawsuit, defendant Arthur Trujillo did not have plaintiff's consent or permission to take the subject 99 Mazda pick-up truck, nor did there exist any contract or other business agreement between plaintiff and defendant Trujillo authorizing such.

25. As a direct and proximate result of the unlawful conduct of defendants Matthew Grasmuck and Arthur Trujillo complained of herein, Plaintiff was harmed, suffered money damages, loss of property, loss of employment and opportunity, and emotional distress.

Wherefore Paul Hilf demands judgement for money damages against Matthew Grasmuck and Arthur Trujillo in the amount of **$165,000** together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Date Aug. 20th, 2015

x _____
Paul Hilf     Plaintiff

Paul Hilf
267 Los Palmos Way
San Jose, California [95119]
paulhilf@yahoo.com

# VERIFICATION OF COMPLAINT

STATE OF CALIFORNIA
COUNTY OF SANTA CLARA

BEFORE ME personally appeared Paul Hilf who, being by me first duly sworn and identified in accordance with California law, deposes and says:

1. My name is Paul Hilf, plaintiff herein.
2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

x _____
    Paul Hilf / Affiant

SWORN TO and subscribed before me this 20th day of August 2015.

Notary Public _____

My commission expires: Nov. 11, 2015

BRAD G. ABEL
Commission # 1960058
Notary Public - California
Santa Clara County
My Comm. Expires Nov 11, 2015