KAMALA D. HARRIS
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General
State Bar No. 161013
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 622-2127
  Fax:  (510) 622-2270
  E-mail: Jeffrey.Vincent@doj.ca.gov
*Attorneys for Defendant Matthew Grasmuck*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HILF,<br><br>                      Plaintiff,<br><br>       v.<br><br>MATTHEW GRASMUCK and ARTHUR TRUJILLO,<br><br>                 Defendants. | CV-15-03833 PSG<br><br>**DEFENDANT GRASMUCK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        December 2, 2015<br>Time:        10:00 a.m.<br>Courtroom:  5, San José<br>Judge:      The Honorable Paul S. Grewal<br>Trial Date:  Not set<br>Action Filed: August 21, 2015 |

TO PAUL HILF IN PROPRIA PERSONA:

      PLEASE TAKE NOTICE that on Wednesday, December 2, at 10:00 a.m. or a date to be determined by the Court, before the Honorable Paul S. Grewal presiding, in Courtroom 5 of the above-entitled Court, at 280 S. First Street, San José, California, defendant Matthew Grasmuck will move this Court for an order granting a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) in favor of defendant.

      The motion to dismiss is made on the grounds that plaintiff Hilf's complaint against defendant is barred under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994) because, until and unless favorable termination of the conviction or sentence occurs, which has not been pled, no cause of action under 42 U.S.C. § 1983 exists. The case is also barred under *Younger v.*

1

1  *Harris*, 401 U.S. 37, 46 (1971) and *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir.1985) because

2  there is an on-going state criminal prosecution.

3       Defendant's motion is based on this Notice of Motion and Motion, the Memorandum of

4  Points and Authorities, and the pleadings and papers filed herein.

5

6  Dated:  October 19, 2015                                   Respectfully Submitted,

7                                                             KAMALA D. HARRIS
                                                              Attorney General of California

8
                                                             /s/ *Jeff R. Vincent*
9

10                                                            JEFF R. VINCENT
                                                             Supervising Deputy Attorney General
11                                                            *Attorneys for Defendant*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Defendant Grasmuck's Notice of Motion/Motion to Dismiss Complaint/Points and Authorities  (CV15-03833 PSG)

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### ISSUES TO BE DECIDED

3    1. Whether plaintiff, having been charged with a crime, may maintain a federal civil rights

4  action under the U.S. Constitution which would affect the on-going criminal prosecution, where

5  plaintiff has not a cannot allege a favorable outcome of the pending criminal action.

6    2. Whether plaintiff can assert a due process violation for deprivation of property where

7  state law provides a clear and adequate remedy.

8

### INTRODUCTION AND FACTUAL BACKGROUND

9    Plaintiff alleges that he was arrested, without a warrant, by defendant California Highway

10  Patrol Officer Grasmuck on August 20, 2014 and held in custody for less than one hour.

11  Complaint ¶ 8. He also alleges that he was deprived of property, a 1999 Mazda pick-up truck,

12  without due process of law or just compensation. Complaint ¶ 20. Plaintiff does not allege the

13  circumstances of his arrest or the charges filed against him. The complaint is allegedly based on

14  the Fourth Amendment of the United States Constitution (false arrest) and Fifth Amendment Due

15  Process clause (deprivation of property). The constitutional violations are alleged to be

16  actionable under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242.

17    On August 20, 2014, Officer Grasmuck cited plaintiff Hilf for driving an unregistered

18  vehicle (Cal. Veh. Code § 4000(a)(1)) and with a suspended driver's license (Cal. Veh. Code

19  § 14601(a)), the latter offense being a misdemeanor. Plaintiff's vehicle was impounded pursuant

20  section 14602.6. Plaintiff Hilf failed to appear in court on October 23, 2014 and the state court

21  issued a "bench warrant" for plaintiff's arrest. The court is requested to take judicial notice of the

22  records of the CHP and records of the Superior Court, Exhibits A and B. Fed. R. Evid. 201.

23

### ARGUMENT

24  I.   LEGAL STANDARD FOR MOTION TO DISMISS

25    The purpose of a motion to dismiss pursuant to Rule 12(b)( 6) is to test the legal sufficiency

26  of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F .2d 578, 581 (9th Cir.1983).

27  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

28  alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699

1   (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is

2   plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).

3   Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

4   plaintiffs claims, even if the plaintiffs allegations are true.

5          Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint

6   must give the defendant fair notice of the plaintiffs claims and must allege facts that state the

7   elements of each claim plainly and succinctly. Fed.R.Civ.P. 8(a)(2); *Jones v. Community Redev.*

8   *Agency*, 733 F.2d 646, 649 (9th Cir.1984).

9   **II.    PLAINTIFF CANNOT LITIGATE CIVIL CLAIMS UNDER FEDERAL CRIMINAL**
        **STATUTES**

10

11          Federal criminal statutes do not provide a basis for civil liability. See *Aldabe v. Aldabe*, 616

12  F.2d 1089, 1092 (9th Cir. 1980) (holding that claims asserted under 18 U.S.C. §§ 241 and 242 are

13  criminal provisions that provide no basis for civil liability); *Elliot v. S.F. Dep't of Pub. Health*, No.

14  15-cv-03127-MEJ, 2015 WL 4196544, at *2 (N.D. Cal. July 10, 2015) (dismissing plaintiff's

15  claim for perjury); *Sepehry-Fard v. Bank of New York Mellon, N.A.*, No. 12-cv-1260-LHK, 2012

16  WL 4717870, at *4 (N.D. Cal. Oct. 2, 2012) (dismissing claims under Title 18 of the U.S. Code).

17  Accordingly, to the extent plaintiff bases his claims on sections 241 and 242 of Title 18 of the

18  U.S. Code, his claims lack merit.

19  **III.   PLAINTIFF HAS NOT PLED A CLAIM COGNIZABLE UNDER 42 U.S.C. § 1983**

20          To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a

21  right secured by the Constitution or laws of the United States was violated and (2) that the alleged

22  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

23  U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243,

24  1245 (9th Cir. 1987).  A complaint must contain "a short and plain statement of the claim

25  showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations

26  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

27  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

28  (2009)

### A.   Plaintiff's Civil Rights Claims Under 42 U.S.C. § 1983 Are Barred Because He Has Not Pled a Favorable Termination of His Criminal Prosecution

Plaintiff alleges that he was "arrested" and "held … captive" for "nearly one hour." Complaint ¶ 8.  Even assuming plaintiff was arrested rather than detained for investigation[1], he cannot use section 1983 to challenge his arrest without first demonstrating a favorable termination of his conviction or sentence.  *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994).  A section 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242 (2005).

Plaintiff's cause of action for false arrest raises questions about the validity of his detention or arrest.  Under federal law, probable cause for a warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe "that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632 (1979).  Probable cause may exist and the arrest be proper, even if under state law an officer must observe the commission of a misdemeanor as required under Cal. Penal Code § 836.  *Barry v. Fowler*, 902 F.2d 770 (9th Cir.1990).  A determination by this court regarding probable cause would have the effect of undermining any state court decision regarding plaintiff's guilt for the crime with which he was charged.

Here, plaintiff pleads an arrest without pleading any facts that show that the arrest and conviction, if any, were invalidated.  Accordingly, to the extent he seeks to challenge his arrest and nearly one hour detention under section 1983, his claims are barred by *Heck*, 512 U.S. at 489.

### B.   As There is an Ongoing Criminal Prosecution, *Younger* Abstention Mandates Dismissal of Plaintiff's Complaint.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings except under special circumstances. *Younger v. Harris*, 401 U.S. 37

---

[1]  Whether an official detention has ripened into an arrest depends on the "totality of the circumstances." *United States v. Baron*, 860 F.2d 911, 914 (9th Cir. 1988), cert. denied, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 414 (1989).

5

1  (1971); *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764 (1971). Abstention is proper regardless of

2  whether the applicant seeks declaratory relief, injunctive relief, or damages. See *Mann v. Jett*, 781

3  F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule

4  directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief

5  and damages "where such an action would have a substantially disruptive effect upon ongoing

6  state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (*Younger*

7  abstention applies to actions for damages as it does to declaratory and injunctive relief). *Younger*

8  abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings

9  involve important state interests; and (3) the state proceedings afford adequate opportunity to

10  raise the constitutional issue. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S.

11  423, 432, 102 S.Ct. 2515 (1982); *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir.

12  1994).

13      The state has an important interest in prosecuting persons who drive while their privilege to

14  drive is suspended. Cal. Veh. Code § 14607.4[2] The criminal proceedings afford ample

15  opportunity to challenge the appropriateness of plaintiff's detention or arrest under federal and

16  state laws. A ruling by this court that plaintiff was damaged by an improper arrest would

17  substantially disrupt an ongoing criminal case. Accordingly, the court must abstain under

18  *Younger* and this action should be dismissed.

19      **C.   *Heck* and *Younger* Bar Plaintiff's Claim of Deprivation of Property**

20      California Vehicle Code section 14602(a)(1) provides that upon a peace officer determining

21  that a person is driving with a suspended license, the vehicle may be impounded for 30 days.

22  Vehicle Code section 14607.6 mandates impoundment if the driver is unable to produce a valid

---

[2] "Of all drivers involved in fatal accidents, more than 20 percent are not licensed to drive. A driver with a suspended license is four times as likely to be involved in a fatal accident as a properly licensed driver." [¶] ... "The Department of Motor Vehicles estimates that 75 percent of all drivers whose driving privilege has been withdrawn continue to drive regardless of the law." ... [¶] The state has a critical interest in enforcing its traffic laws and in keeping unlicensed drivers from illegally driving. Seizing the vehicles used by unlicensed drivers serves a significant governmental and public interest, namely the protection of the health, safety, and welfare of Californians from the harm of unlicensed drivers, who are involved in a disproportionate number of traffic incidents, and the avoidance of the associated destruction and damage to lives and property." Cal. Veh. Code § 14607.4.

6

1   driver's license.  Cal. Veh. Code § 14607.6(c)(1).  A vehicle driven by a person with a suspended

2   license and impounded under section 14607.6 is subject to forfeiture as a public nuisance.  Cal.

3   Veh. Code § 14607.6(a).  Here, the deprivation of plaintiff's property, his 1999 Mazda pick-up, is

4   inextricably intertwined with the on-going criminal case regarding plaintiff driving with a

5   suspended license.  Any ruling by this court regarding the propriety of impounding plaintiff's

6   vehicle under provisions applicable to drivers with suspended licenses would substantially disrupt

7   the state court criminal proceedings.  Accordingly, *Younger* abstention mandates dismissal of

8   plaintiff's deprivation of property claim.  Moreover, absent an allegation that a conviction for

9   driving with a suspended license is overturned, *Heck v. Humphrey* bars relief that would

10  undermine the criminal case and also mandates dismissal.

   **D.    As Plaintiff has an Adequate Remedy Under State Law, the Deprivation of
11         Property Under the Vehicle Code does not Violate Due Process of Law
12         Under the United States Constitution**

13          **1.    Plaintiff cannot assert a claim under the Fifth Amendment**

14          Plaintiff's second cause of action for deprivation of property purports to be based on the

15  Fifth Amendment to the United States Constitution.  Complaint ¶¶ 6 and 20.  This contention is

16  wrong.  "[T]he Fifth Amendment's due process clause only applies to the federal government."

17  *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (2008).  *Castillo v. McFadden*, 399 F.3d 993, 1002 n. 5

18  (9th Cir.2005) ("The Fifth Amendment prohibits the federal government from depriving persons

19  of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due

20  process by the several States: '*nor shall any State* deprive any person of life, liberty, or property,

21  without due process of law.'" (quoting U.S. CONST. amend. XIV) (emphasis in original)).

   **2.    Plaintiff does not have a viable claim under the Fourteenth
22          Amendment**

23

24          The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary

25  government action by prohibiting states from depriving people of "life, liberty, or property

26  without due process of law." U.S. Const. amend. XIV.  Often due process claims for deprivation

27  of property arise from the allegation that an official engaged in an unauthorized or random act of

28  destruction or deprivation of property. *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908

                                                   7

1   (1981), *Hudson v. Palmer*, 468 U.S. 517, 530–36, 104 S.Ct. 3194 (1984). Under Supreme Court

2   rulings in *Parratt* and *Hudson*, negligent or unauthorized, intentional deprivations of property do

3   not give rise to a due process claim so long as the state provides an adequate post-deprivation

4   remedy, such as the availability of a common-law state tort action against a private prison

5   employee.   Property deprivation is not cognizable under section 1983 where state law provides

6   adequate post deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per

7   curiam).

8        Here, there is no allegation that the State of California failed to provide plaintiff with

9   constitutionally-adequate process to remedy the claimed property loss, meaning that plaintiff

10  cannot bring a section 1983 due process claim premised exclusively on the damage to, or

11  destruction of, his property. *See Zinermon v. Burch*, 494 U.S. 113, 126, 110 S.Ct. 975, 108

12  L.Ed.2d 100 (1990) ("The constitutional violation actionable under § 1983 is not complete when

13  the deprivation occurs; it is not complete unless and until the State fails to provide due process.

14  Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask

15  what process the State provided, and whether it was constitutionally adequate.") "The

16  fundamental requirement of due process is the opportunity to be heard at a meaningful time and

17  in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

18       Courts have consistently found that VC § 14602.6 – along with its attendant notice and

19  hearing provisions – pass constitutional muster and afford adequate due process protections. *See,*

20  *e.g.*, *Salazar v. City of Maywood*, 414 F.App'x 73, 75 (9th Cir. 2011) (affirming district court's

21  dismissal of section 1983 challenge to VC § 14602.6 and holding that notice and hearing

22  provisions of VC § 14602.6 satisfy due process); *Alviso v. Sonoma Cnty. Sheriff's Dep't*, 186

23  Cal.App.4th 198, 209-214 (2010) (finding impound scheme provided for by [VC §] 14602.6 and

24  [VC §] 22852 do not violate due process); *Samples v. Brown*, 146 Cal.App.4th 787, 801 (2007)

25  ("The conduct prohibited by [VC §] 14602.6 is unlicensed driving. This statute also provides

26  unquestionably clear notice that a person who drives without a license may be arrested, that the

27  car driven by an unlicensed driver may be seized by a law enforcement officer, and that a seized

28

1   vehicle will be impounded for no longer than 30 days."). There is no authority to support the

2   notion that a vehicle's impoundment pursuant to VC § 14602.6 violates due process.

3               **3.   Plaintiff's Claims are Barred by Qualified Immunity**

4          In a section 1983 claim, qualified immunity "protects government officials 'from liability

5   for civil damages insofar as their conduct does not violate clearly established statutory or

6   constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555

7   U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The qualified

8   immunity analysis has two prongs: (1) whether the facts, as alleged, show defendant's conduct

9   violated a constitutional right, and (2) whether the right was clearly established. *See id.* at 232.

10         A right is "clearly established" if it is "sufficiently clear that every reasonable official

11   would have understood that what he is doing violates that right. In other words, existing precedent

12   must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, __

13   U.S. __, 132 S.Ct. 2088, 2093 (2012) (citation and quotation marks omitted). While there need

14   not be a "case directly on point," *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011), the plaintiff

15   nonetheless "bears the burden of proving that the rights she claims were 'clearly established' at

16   the time of the alleged violation," *Moran v. Washington*, 147 F.3d 839, 844 (9th Cir. 1998) (citing

17   *Davis v. Scherer*, 468 U.S. 183, 197 (1984)). As no case holds that impounding a vehicle under

18   California Vehicle Code section 14602.6 violates a clearly established right of due process,

19   qualified immunity bars plaintiff's second cause of action. Likewise there, is no authority to

20   support a claim that an arrest for driving with a suspended license is a violation of the Fourth

21   Amendment. Plaintiff has not and cannot allege that his license was not suspended. Accordingly,

22   as pled, plaintiff's first cause of action is barred by qualified immunity.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

9

1

**CONCLUSION**

2    For reasons stated above, plaintiff's complaint should be dismissed for failure to state any

3    claim under Rule 12(b)(6).

4    Dated:  October 19, 2015                    Respectfully submitted,

5                                                KAMALA D. HARRIS
                                                 Attorney General of California
6

7                                                /s/ *Jeff R. Vincent*

8                                                JEFF R. VINCENT
                                                 Supervising Deputy Attorney General
9                                                *Attorneys for Defendant Grasmuck*

10   OK2015900681
     90569987.doc
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28