Paul Hilf
267 Los Palmos Way
San Jose, California 1849
(408)226-0581
paulhilf@yahoo.com



# United States District Court – Article III

## Northern District of California
### 280 S. FIRST ST.  SAN JOSE, CALIFORNIA

Paul Hilf

   *Complainant*

v.

Matthew Grasmuck,

Arthur Trujillo

   *Wrongdoers*

Case no.: **CV 15 – 03833 PSG**

Magistrate Judge Paul S. Grewal

**ANSWER to**: Defendant Grasmuck's Notice of Motion and Motion to Dismiss Complaint.

## - MOTION TO STRIKE -

Notice and Demand to Vacate Void Pleadings - FRCP Rule 12(f)

Defendant's pleadings violate FRCP Rule 7(a)(2) and rule 8(b)(1)(B).

Defendant's Answer is Irrelevant and Non-Responsive. Defendant Fails to Admit, Deny, or Deny for Want of Knowledge. The Effect of Failure to Deny is to Admit All Allegations.

- See FRCP Rule 8(b)(6) -

Admission of All Allegations Means No Genuine Controversy Exists Before the Court and Judgment in Favor of Complainant is Proper.

*Comes now* Complainant Paul Hilf with clean hands and moves to STRIKE Defendant Grasmuck's Notice of Motion and Motion to Dismiss as frivolous, non-responsive, irrelevant, void, and without legal merit. While denying none of the factual allegations, thereby ADMITTING same, Grasmuck, through his Attorney attempts to rationalize, justify, and otherwise escape liability for his actions by claiming that they are or were permitted somehow by inferior law such as the California Vehicle code, thereby demonstrating his clear lack of knowledge and understanding of that code, the supposed authority for him to act in opposition to the California and Federal Constitutions, and in defiance of his sworn oath of office. NOWHERE in the Vehicle Code is unconstitutional action given sanction, generally or specifically, and if the code did somehow purport to authorize any unconstitutional act, it would be made void or invalid by the supremacy clause.

- TAKE NOTICE -

<u>Supremacy Clause (U.S.)</u>

***This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.***
[Constitution for the United States of America, Article VI, Clause 2.]

<u>Supremacy Clause (California)</u>

***<u>Section 26</u>. The provisions of this Constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise.***
[ California Constitution, Article I ]

Of significance to the Court, and to this Complainant, is that Section 26 stated above thus makes <u>mandatory</u> and <u>prohibitory</u> all the sections of the California Constitution which are analogous to the liberty and property protections contained in the Bill of Rights of the U.S. Constitution.

So for example, **Section 19** (private property cannot be taken without <u>FIRST</u> paying just compensation) is <u>MANDATORY</u>.

**Section 15** which says one may not *"be deprived of life, liberty, or property without due process of law"* is likewise <u>MANDATORY</u>. For further interpretation, this means due process of law **COMES BEFORE**, and NOT AFTER deprivation. **Section 13** says that I have the right to be secure from unreasonable searches and seizures, and it also is <u>MANDATORY</u>, according to *Section 26*. Before continuing with other sections, the court case below is worth noting:

**"The impoundment of a vehicle is a seizure within the meaning of the 4th Amendment to the Constitution."**
*Miranda v. City of Cornelius, 429 F,3d 858,862 (C.A.9(Or.), 2005) citing Soldal v. Cook County*

Impoundment is, of course, a 'commercial' term and I mention it here because Defendant's lawyer attempts to use language and alternate words to lessen what is clearly a taking, a seizure, and a deprivation (under color of law) in order to subvert constitutionally *mandated* prohibitions against such actions.

Continuing now with the California Constitution, **Section 7(a)** also says one *"may not be deprived of life, liberty, or property without due process of law, or denied equal protection of the laws;"* **Section 3(b)(4)** is the first to say, *"may not be deprived life, liberty, or property..."* and it precedes the phrase with the word *"guarantees..."*

It is safe to say that a theme has emerged, since liberty, property, due process of law, and search and seizure are mentioned no less than **SIX TIMES** in Article 1, Declaration of Rights of the California Constitution. Complainant now asserts that this is prima facie evidence that **they really meant it**. That whoever wrote the California Constitution, thought that these ideas, directly from the U.S. Constitution, often word for word, were really, really, really important, and they wanted there to be NO CONFUSION about the matter, so they chose to be repetitive. Anyone who reads the Declaration of Rights, more than once, cannot miss the message. So after all these provisions and restrictions have been placed on public officers in these aforementioned sections, **Section 26** says they are *mandatory.* Does Defendant lawyer argue we should throw all these out in subordination to the Vehicle Code ?

Defendant lawyer would have us put the legal cart before the unlicensed horse and turn every suppression ruling on its' head. Courts have consistently ruled that it is not permissible for an officer to break the law in order to enforce a law. An officer cannot make an arrest just to conduct an 'investigation' or to ascertain facts. He may make an inquiry, which is to say, he may politely ask, not demand. But he <u>cannot arrest first</u>, then ask or investigate to see if the arrest is valid. No court has ever ruled such, and if one has, then it would be a void ruling since it flies in the face of the most important tenants of the Constitution and Bill of Rights.

This is such a firmly understood legal concept and well settled matter of law that it barely warrants comment. Defendant Grasmuck is accused of <u>unlawful conduct</u>, of wrongdoing, an unlawful **action** which resulted in an injury. THAT is the basis for a cause of action and rightful claim that now finds itself properly before this Court. The unlawful, unconstitutional conduct CAME FIRST, that *resulted in* a valid claim under the law and invoking the jurisdiction of this Court. Complainant has stated a well recognized claim. He has certainly <u>NOT</u> *failed to state a claim*. An absurd contention. And relief certainly *can be granted,* and should be to redress a wrong. The very 'title' itself of the 12(b)(6), and everything that follows is made moot and frivolous once it is recognized that a claim certainly has been stated, and the remedy sought is the relief asked. And that relief is proper is only in keeping with one of the oldest maxims of law, that for every wrong, there must be a remedy.

The opposing counsel's motion, since all material allegations are admitted, reads like an after the fact justification and rationalization, and an attempt to blame the victim. Legally, the position opposing counsel seems to take is based not in law, or the constitution, which is clearly not on his side, but on the vehicle code being incorrectly and unlawfully used in an ongoing business operation to give out tickets. Precisely the point, and why Claimant filed this action. Their defense, if one could call it that, is, "You got a ticket." Only they use the word cite, a word that never appears in the VC, and start mentioning other code sections as if once an officer has made an unlawful arrest, the vehicle code, and supposed violations of its' sections are all that matters. Nothing could be more specious legal reasoning. The ONLY question to be considered in light of the fact that an arrest WAS made, is whether that arrest was lawful. IT WAS NOT. And nothing can be more easily demonstrated than the arrest was not permitted under the presumed authority of the Vehicle code. Everything else is so much legal window dressing, because if the arrest was

unlawful, and was not permitted or authorized, **and it was not**, then everything that came after doesn't matter.

For Complainant Hilf to be accused of anything, he <u>**first** had to arrested</u> AND THEN INVESTIGATED, which is unlawful. There is really no debate on this issue except by those who wish state power to be free of constitutional restrictions. Additionally, the "investigation" to which Hilf was unlawfully subjected <u>***was not** to determine if he had committed, or was about to commit a crime*</u>. That still would have been <u>impermissible</u> under the law, but certainly preferable and given greater latitude than what the investigation was actually for; to determine commercial status. To determine, what is in essence a status of payment. To see if fees that *may* be due were currently paid up. And the resulting accusation was not that Complainant had engaged in wrongdoing, or unlawful conduct, which caused damage to person or property, a real, or actual (common law) cause of action, or crime, but that he was of <u>insufficient status</u>. That's it.

1. At line 17 of page 3 of Grasmuck's Motion to Dismiss, Defendant lawyer states, ***"Grasmuck cited plaintiff Hilf for driving an unregistered vehicle (Cal. Veh.Code 4000(a)(1)***)... To begin with, the word **cited** does not appear, and is not used in the CVC. It is a slang term without legal status. The word citation is defined at 41601 as a Notice to Appear. It is a one sentence section. This is the first of several examples of defendant attorney attempting to mislead, misdirect, and confuse with what could be described as legal word art. Again, a citation is a <u>Notice to Appear</u>, a term used dozens and dozens of times in the VC. Citation is used once, when it is defined, and cited is never used.

    So how does one receive a Notice to Appear? Simple, one ***must first be arrested***. No way around it. In order for one to receive a 'Notice to Appear' or for the police officer to 'issue' a Notice to Appear, one must first be **arrested without a warrant**. What every citizen motorist and police officer calls a "traffic stop" or being 'pulled over' is an arrest without a warrant. Nothing more and nothing less. This is how the VC, and therefore the legislature refers to it, AND THAT IS WHAT IT IS.  It is called an Arrest, and ***that is what occurs*** the moment any law enforcement officer activates his

emergency lights in a show of force and authority in order to get you to cease your travel (freedom of movement = liberty) and yield to his demands under (threat of) force of arms. There is no way around this reality. The vehicle code itself uses the words and defines the terms and provisions. Nowhere in the code can the words 'traffic stop' or 'vehicle code stop' be found. They are slang terms without legal status. Likewise, detained or detention. Not to be found in the code - anywhere. I mention this because on page 5, line 4 of Defendant's Motion to Dismiss, lawyer for defendant writes, *"Even assuming plaintiff was arrested rather than detained for investigation, ..."* Again artifice and trickery to make <u>one thing seem another.</u> IN REALITY, <u>both terms describe</u> ONE REAL WORLD PHYSICAL EVENT - an ARREST. Since ONLY **arrest** is used in the VC and 'detained for investigation' is not once to be found, then deception and an an attempt to mollify by <u>*making up something without legal meaning*</u> is the basis for Complainant's claim of 'improper purpose' and frivolous argument.

  Attorney Jeffrey Vincent knows FULL WELL I was arrested, and arrested without a warrant, and without probable cause or exigent circumstances, and outside the authority of the Vehicle code. He just wants the Court to think it was something different, something *less*, something PERMISSABLE. Maybe a bit inconvenient for the one 'detained', but something legal. **It is not.** A two by four over the head does not become a cellulose scalp massage. <u>Regarded as legal by established practice does not make lawful</u>. The vast majority of so called 'traffic stops' - again, a term not used anywhere in the VC - are nothing more than a commercial business practice under color of law. As a warrantless arrest, they are not authorized by the VC **unless** they fall under a narrow set of conditions which are described in section 40300.5, under the heading; ARREST WITHOUT WARRANT. Very few traffic stops, which again, are arrests without warrant, meet these criteria, and are therefore unauthorized, **and illegal.**

2. The <u>only provisions</u> in the VC for an arrest without a warrant can be found at section40300.5, and this section DOES NOT authorize an arrest unless certain narrowly defined conditions exist which may be described as emergency or exigent circumstances. An accident, a vehicle obstructing a roadway, a reason to believe *"that the person had been driving while under the influence of an alcoholic beverage or any drug ..."* and so on. Complainant suggests that

counsel read the entire section thoroughly, note how narrowly construed it is and ask a simple question. Why doesn't it say something simple and very broad such as, *"Any officer may make an arrest without a warrant at any time for a violation of any section of this code."* There, now how easy was that ? But, that WAS NOT WHAT WAS DONE. And it can logically only be presumed that the Legislature wrote the section with narrow provisions because they had a NARROW INTENT. This is no great leap of legal logic. And there appears to be a very sound rationale and conclusion as to why the Legislature would so narrowly construct the section. They wanted (or needed) to limit the power or authority to make an arrest without a warrant to conform to one of the exceptions to the warrant requirement by the Supreme court – *emergency or exigent circumstances*. If one reads § 40300.5 even casually, it can easily be concluded that the circumstances listed there would fit with those terms. Of course this is mere speculation and an academic exercise, since it does not state exact reasons for *anything* in the code. But we need not rely on presumptions if we simply follow and apply <u>the exact text</u>. Nothing more, and nothing less. AND, law enforcement officers, or <u>peace officers</u> as they are referred to in the code, are REQUIRED TO FOLLOW the restrictions, or provisions which is the word used, placed upon them and their actions.

For all the aforesaid reasons, and the established law in court decisions that follows here attached in points and authorities, Defendant Grasmuck's Motion to Dismiss should be struck, in its' entirety for failure to answer the complaint, failure to deny the allegations, and for offering defenses which are improper, unconstitutional, and frivolous.

Date: *Nov. 9th, 2015*

Respectfully submitted,

X _____
      Paul Hilf    *Complainant*

[Pleading title summary] - 7

## Memorandum of Points and Authorities

"Even if the officer is not expected to know the law of all 50 states, surely he is expected to know the California Vehicle Code ...
  *The People v. Jesus Santos Sanchez Reyes, 196 Cal. App. 4rth 856 (2011)*

"...infractions are not crimes...*(People v. Battle (1975) 50 Cal.App.3d Supp. 1 [123 Cal.Rptr. 636].) fn. 1*

...the Legislature did not intend to classify infractions as crimes. *(See People v. Oppenheimer (1974) 42 Cal.App.3d Supp. 4 [116 Cal.Rptr. 795] and People v. Battle, supra, 50 Cal.App.3d Supp. 1.) People v. Sava, 190 Cal.App.3d 935*


  It is a settled matter that the streets (of a city) belong to the people of a state and the use thereof is an inalienable right of every citizen of the state.
  *Whyte v. City of Sacramento 65 Cal. App. 534, 547, 224 Pac. 1008, 1013 (1924)*
  *Escobedo v. State Dept. of Motor Vehicles, 222 Pac. 2d, 35 Cal. 2d 870 (1950)*

Obviously, administrative agencies, like police officers must obey the Constitution and may not deprive persons of Constitutional rights.
  *Southern Pac. Transportation v. Public Utilities Com., 18 Cal 3D 308 (1976) Supreme Court of California*

  If police falsely arrest you without Probable Cause, they have no qualified immunity.
   *Malley v. Briggs, 475 US 335 (1986)*

  State statutes do not take precedent over Constitutional law.
  *JAMES v. KENTUCKY, 466 US 341, 80 LED 2d 346, 104 S Ct. 1830 (1984)*


  False arrest, illegal detention (false imprisonment), and malicious prosecution are recognized as causes of action under Title 42 Section 1983.
  *SANDERS v. ENGLISH, 950 F2d 1036 (6th Cir. 1992)*

California Vehicle Code 15210 (p)(7) applicable only in absence of a federal law

<u>FEDERAL USC</u> - <u>Title 18, USC, Sec. 31</u> Automobiles owned by 'individuals' <u>NOT</u> in business, is <u>'Consumer Goods'. Consumer Goods 'exempt from license requirements'</u>

<u>CALIFORNIA DMV CODE</u> - Section 1 260 (b) Passenger Vehicles NOT used for compensation/profit are NOT 'Commercial Vehicles'.

NO Vehicle License Required CALIFORNIA. Legislature and Governor Schwarzenegger; Approved Vote - August 09, 2003

( Since the term of the driver's license contract is so many years and the contract is not written, the Statute of Frauds does apply and the contract is unenforceable. )

Where RIGHTS secured by the Constitution are involved, there can be no rule making or legislation that would abrogate them. *Miranda v. Arizona*, 384 U.S. 436, 491 (1966).

"The State cannot diminish rights of the people." <u>Hertado v. California</u>, 110 U.S. 516

"Statutes that violate the plain and obvious principles of common right and common reason are null and void." *Bennett v. Boggs*, 1 Baldw 60.

"The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice." <u>Davis v. Wechsler</u>, 263 U.S. 22, 24.

"Economic necessity cannot justify a disregard of Constitutional guarantee."
*Riley vs. Carter*, 79 ALR 1018; 16 Am.Jur. (2nd), Const. Law, Sect.81.

A state may not impose a charge for the enjoyment of a RIGHT granted by the Federal Constitution. *Murdock v. Pennsylvania* 319 U.S. 105.

"Constitutional Rights cannot be denied simply because of hostility to their assertions and exercise; vindication of conceded Constitutional Rights cannot be made dependent upon any theory that it is less expensive to deny them than to afford them."
*Watson vs. Memphis*, 375 US 526.

"No public policy of a state can be allowed to override the positive guarantees of the U.S. Constitution." 16 Am.Jur. (2nd), Const. Law, Sect.70.

We hold the fact that a vehicle is hired is not enough to make the vehicle "commercial.' In the context of section 11580.9, subdivision (b) of the Insurance Code, the predominate factor which determines whether a vehicle is "commercial" is apparently the use the lessee makes of the vehicle."
*Government Employees Ins., Co. v. Carrier Ins. Co.* (1975), 45 Cal, App.3d 223

"The claim and exercise of a constitutional right cannot be converted into a crime."
*Miller v. U.S.,* 230 F 2d 486, 489.

As previously demonstrated, the Citizen has the Right to travel and to transport his property upon the public highways in the ordinary course of life and business. However, if one exercises this Right to travel (without first giving up the Right and converting that Right into a privilege) the Citizen is by statute, guilty of a crime. This amounts to converting the exercise of a Constitutional Right into a crime.
*Miller vs. U.S.* and *Sherer vs. Cullen*

"For a crime to exist there must be an 'injured party'. There can be no sanction or penalty imposed upon one because of this exercise of Constitutional rights."
*Sherar v. Cullen,* 481 F. 945.

There is no question that there is NO injured party involved here, *and,* a citation/ticket issued by a police officer, or jail/incarceration for any cause including no valid driver's license, registration or insurance, and save for criminal activities involving an injured party, is a penalty or sanction, and is indeed "converting a Right into a crime."