KAMALA D. HARRIS
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General
State Bar No. 161013
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 622-2127
 Fax:  (510) 622-2270
 E-mail:  Jeffrey.Vincent@doj.ca.gov
*Attorneys for Defendant Matthew Grasmuck*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HILF,<br><br>                              Plaintiff,<br><br>       v.<br><br>MATTHEW GRASMUCK and ARTHUR TRUJILLO,<br><br>                              Defendants. | CV15-03833 PSG<br><br>**DEFENDANT GRASMUCK'S OBJECTION TO PURPORTED NOTICE OF REMOVAL OF CRIMINAL ACTION**<br><br>Date:           January 5, 2016<br>Time:          10:00 a.m.<br>Courtroom:  5, San José<br>Judge:         The Honorable Paul S. Grewal<br>Trial Date:   Not set<br>Action Filed: August 21, 2015 |

Defendant Grasmuck hereby objects to Plaintiff's attempt to remove his state criminal prosecution to the district court.

**INTRODUCTION**

On November 6, 2015, Plaintiff filed, in this action, a purported notice of removal of a state court criminal prosecution pending against him.  (*See* "Notice of Removal," Docket 23 re Santa Clara Superior Court Case No. C1493367.)  Plaintiff and the Court did not treat the removal as a separate action and did not assign a case number to the "removed" criminal matter.  Thus, it appears that the "Notice of Removal" is a nullity.

Even if the "Notice of Removal" has any effect, Officer Grasmuck is not a party to the criminal proceedings against Mr. Hilf.  The People of California, represented by the District Attorney of Santa Clara County, are the plaintiff in the criminal prosecution and would have

standing to move to remand the criminal matter to state court. As the Defendant in this action, Officer Grasmuck objects to Plaintiff's improper attempt to inject his criminal prosecution into this action and asks the court to strike the "Notice of Removal" or remand the criminal case to state court.

## ARGUMENT

Removal jurisdiction is governed by statute. See 28 U.S.C. § 1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Federal courts are courts of limited jurisdiction. *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Their subject matter jurisdiction is limited to cases involving federal questions, 28 U.S.C. § 1331, and cases involving people from diverse states, 28 U.S.C. § 1332. Subject matter jurisdiction must exist before a federal court can proceed to the merits of a case. *Lance*, at 439. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Moreover, Jurisdiction is a threshold issue that must be raised sua sponte. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998).

Plaintiff's purports to remove his criminal prosecution by falsely claiming that it is a civil action removable under 28 U.S.C. § 1441. (Docket 23, "Notice of Removal," 2:13-19.) However, the Santa Clara Superior Court Records (Defendant's Exhibit A to Motion to Dismiss – Docket No. 12) demonstrate that Case No. C1493367 is prosecution of a criminal matter against Mr. Hilf.

Federal statutes provide limited removal jurisdiction for criminal actions against federal officers. *See, e.g.* 28 U.S.C. §§ 1442, 1442a, and 1443. However, Plaintiff Hilf has not and cannot allege that he is a federal officer covered by those statutes. A removal notice under § 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828

(1966). Even if the criminal prosecution of Plaintiff Hilf was removable, the notice is defective because it was not filed within 30 days of the August 20, 2014, Notice to Appear or the August 29, 2014 Amended Citation and Complaint (*See* Defendant's Exhibit A). 28 U.S.C. § 1446(b).

## CONCLUSION

For the reasons stated above, the court should strike plaintiff's "Notice of Removal" or remand his criminal prosecution to state court.

Dated:  November 18, 2015                    Respectfully submitted,

                                                KAMALA D. HARRIS
                                              Attorney General of California

                                              /s/ *Jeff R. Vincent*
                                              JEFF R. VINCENT
                                              Supervising Deputy Attorney General
                                              *Attorneys for Defendant*

OK2015900681
HILF OBJECTION.doc