**ARTHUR TRUJILLO**
395 Umbarger Road
San Jose, CA 95111
Telephone: (408) 226-7255
Defendant / Cross-Complainant
In Propria Persona



FILED

DEC – 4 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Hilf,<br><br>                    Plaintiff,<br><br>vs.<br><br>Matthew Grasmuck,<br>Arthur Trujillo,<br><br>                    Defendants. | Case No.: CV-15-03833 PSG<br><br>**DEFENDANT ARTHUR TRUJILLO<br>ANSWER, AFFIRMATIVE DEFENSES<br>AND COUNTER CLAIMS** |
| Arthur Trujillo,<br><br>                    Counter-Claimant,<br><br>vs.<br><br>Paul Hilf,<br>                    Counter-Defendant. | |

## DEFENDANT ARTHUR TRUJILLO'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTER CLAIMS

Defendant, Counterclaim Plaintiff and Cross-Claimant Arthur Trujillo ("Trujillo"), hereby

states as follows his Answer, Affirmative Defenses and Counterclaims against Paul Hilf, as follows:

1.      **Paragraph 1 of the Complaint**: This answering defendant admit that Plaintiff is

seeking money damages as set forth in said paragraph.    Furthermore, this answering defendant

denies that any conduct of his in the operation of his business or the actions taken in carrying out

the duties of his business caused or contributed to any of the injuries suffered, if any, and any

damages alleged.

2.    **Paragraph 2 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

3.    **Paragraph 3 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

4.    **Paragraph 4 of the Complaint**: This answering defendant admits that he is a resident of California and operated a towing business located in the City of San Jose, County of Santa Clara and State of California.

5.    **Paragraph 5 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

6.    **Paragraph 6 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

7.    **Paragraph 7 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

## GENERAL FACTUAL ALLEGATIONS

8.    **Paragraph 8 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

9.    **Paragraph 9 of the Complaint**: This answering defendant lacks knowledge or

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

10.    **Paragraph 10 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

11.    **Paragraph 11 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

12.    **Paragraph 12 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

13.    **Paragraph 13 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

14.    **Paragraph 14 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

15.    **Paragraph 15 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

16.    **Paragraph 16 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

**FIRST CAUSE OF ACTION**: UNLAWFUL ARREST, FALSE IMPRISONMENT

17.      **Paragraph 17 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

18.      **Paragraph 18 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

19.      **Paragraph 19 of the Complaint**: This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

**Demand for Judgment for Money**:   This answering defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.  This answering defendant further denies that any conduct by him or as part of the operation of his business or the actions taken in carrying out the duties of his business caused or contributed to any of the injuries suffered, if any, and any damages alleged.

**SECOND CAUSE OF ACTION**: DEPRIVED OF PROPERTY WITHOUT DUE PROCESS

In answer to the **SECOND CAUSE OF ACTION**, of the Complaint, Defendant realleges and incorporates by reference each and all of its responses to each and all of the preceding paragraphs of this answer as though set forth herein full.

20.      **Paragraph 20 of the Complaint**: This answering defendant denies that he conspired with Defendant Matthew Grasmuck to seize (take) plaintiffs private property, a 1999 Mazda pick-up, without a warrant.  The remaining contents of Paragraph 20, "*without due process of law, and without just compensation.*" constitute legal conclusions and not factual allegations for which a

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

responsive pleading is required.

21.   **Paragraph 21 of the Complaint**: This answering defendant denies that, "*At all times material to this lawsuit, defendant Trujillo participated in this unlawful taking of plaintiffs property voluntarily, of his own free will, in cooperation with defendant Grasmuck as a business arrangement for his own financial gain.*"   The contents of Paragraph 21 also constitute legal conclusions and not factual allegations for which a responsive pleading is required.

22.   **Paragraph 22 of the Complaint**: This answering defendant denies that, "*At all times material to this lawsuit, defendant Trujillo did not act as the result of any lawful court process, and was not in possession of any court judgement or order which would have authorized him to take possession of plaintiff's 99 Mazda pick-up, to tow it, store it, or attempt to charge money for such.*" The contents of Paragraph 22 also constitute legal conclusions and not factual allegations for which a responsive pleading is required.

23.   **Paragraph 23 of the Complaint**: This answering defendant denies that, "*At all times material to this lawsuit, defendant Arthur Trujillo was not under any lawful order or command from defendant Grasmuck, or a legal obligation of any sort to take plaintiffs property.*"   The contents of Paragraph 23 also constitute legal conclusions and not factual allegations for which a responsive pleading is required.

24.   **Paragraph 24 of the Complaint**: This answering defendant denies that, "*At all times material to this lawsuit, defendant Arthur Trujillo did not have plaintiff's consent or permission to take the subject 99 Mazda pick-up truck, nor did there exist any contract or other business agreement between plaintiff and defendant Trujillo authorizing such..*" The contents of Paragraph 24 also constitute legal conclusions and not factual allegations for which a responsive pleading is required.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

25.   **Paragraph 25 of the Complaint**: This answering defendant denies that, "*As a direct and proximate result of the unlawful conduct of defendants Matthew Grasmuck and Arthur Trujillo complained of herein, Plaintiff was harmed, suffered money damages, loss of property, loss of employment and opportunity, and emotional distress.*" The contents of Paragraph 25 also constitute legal conclusions and not factual allegations for which a responsive pleading is required.

**Demand for Judgment for Money**: This answering defendant denies the allegations in this paragraph.   This answering defendant further denies that any conduct by him or as part of the operation of his business or the actions taken in carrying out the duties of his business caused or contributed to any of the injuries suffered, if any, and any damages alleged.

### AFFIRMATIVE DEFENSES

As separate and affirmative defenses to Plaintiff Paul Hilf's Complaint and to each cause of action, claim and allegation contained therein and reserving his right to raise additional defenses, this answering defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that that the complaint as a whole and each claim thereof asserted therein fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE (Statute of Limitations)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that upon information and belief that the complaint, as a whole, and each claim asserted therein, is barred by the expiration of the applicable statute of limitations.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

### THIRD AFFIRMATIVE DEFENSE (Conduct of Third Parties)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant denies that Plaintiff has been damaged in any way or manner as set forth in the complaint herein. However, should it be determined by the court that Plaintiff has been damaged, Defendants allege upon information and belief that the proximate cause of any such damage was caused by the conduct of the Plaintiff himself or of other third parties for whom these answering defendants were not and are not responsible

### FOURTH AFFIRMATIVE DEFENSE (Negligence of Third Parties)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that that should Plaintiff be found to be entitled to any damages under any theory as plead in the complaint or in any other respect or regard, which is denied, that said injuries or damages were wholly or in part directly and proximately caused and contributed to by the negligence, carelessness, lack of due care, and fault of other defendants, the Plaintiff, or third parties over whom this answering defendant has no responsibility or control. Should the Plaintiff be found to have sustained any compensable injuries or be entitled to any damages, this answering defendant's liability should be limited to that portion of any damages which correspond to this answering defendant's degree of fault or responsibility and not liable for any damages attributable to any responsibility, negligence, or fault, of any other party.

### FIFTH AFFIRMATIVE DEFENSE (No Basis for Damages)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that that Plaintiff has failed to state a basis for recovery of damages from these answering defendants.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

## SIXTH AFFIRMATIVE DEFENSE (Defendant's Good Faith)

`As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that that at all times relevant to this complaint, this answering defendants has acted in good faith with regard to the actions that he took in carrying out his business functions pursuant to the applicable laws and provisions which preclude any recovery by the Plaintiff based upon any allegations of the complaint herein.

## SEVENTH AFFIRMATIVE DEFENSE (No Denial of Full and Equal Access to Law)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that that Plaintiff's claims for recovery in this action is barred based upon the Defendant's alleged acts or omissions not actually constituting a denial to Plaintiff of his full and equal access to the protections of the law.

## EIGHTH AFFIRMATIVE DEFENSE (Legitimate Business Purpose)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that that any entitlement of Plaintiff to recover as set forth in the pleading allegations of said complaint in this action is barred because this answering defendant's acts and/or omissions as alleged in the complaint, to the extent that this answering defendant committed any acts or omissions at all, were done in good faith pursuant to a reasonable business justification and do not constitute intentional acts or omissions resulting in any damages to the Plaintiff herein.

## NINTH AFFIRMATIVE DEFENSE (Waiver)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant is informed and based thereon believe and thereupon alleges that the complaint, and each and every claim for relief thereof, or the whole

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

thereof, is barred under the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE (Estoppel)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that is informed and based thereon believe and thereupon alleges that the complaint, and each and every claim for relief thereof, or the whole thereof, is barred under the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE (Unclean Hands)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant is informed and based thereon believe and thereupon alleges that the complaint, and each and every claim for relief thereof, or the whole thereof, is barred under the doctrine of unclean hands.

## TWELVTH AFFIRMATIVE DEFENSE (Justifiable Conduct)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that that Plaintiff's right to recovery in this action, if any, would otherwise be recoverable, is barred because these answering defendants' conduct was at all times mentioned in the complaint justified and privileged.

## THIRTEENTH AFFIRMATIVE DEFENSE (Laches)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant is informed and believe and based thereon allege that Plaintiff, by delaying prosecution of these actions until the time which they filed the present action in whole or in part is barred by the Doctrine of Laches thereby preventing Plaintiff from recovering any damages or seeking any injunctive relief thereunder against this answering defendant.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

**FOURTEENTH AFFIRMATIVE DEFENSE (Plaintiff's Bad Faith)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant asserts that that Plaintiff filed this action against these answering defendants for the primary purpose of extracting payment from this answering defendant over technical or non-existent violations of the rights Plaintiff alleges in his Complaint, including, but not limited to statutory claims as set forth in said complaint which have and had no application to Plaintiff in the circumstances as alleged.

**FIFTEENTH AFFIRMATIVE DEFENSE (No Violation of Law)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant asserts that Plaintiff's purported claims for relief against this answering defendant are based on Federal criminal statutes, which do not provide a basis for civil liability, making Plaintiff's civil claims frivolous and unsupported by existing law in any cognizable fashion or manner whatsoever.  See *Aldabe* v. *Aldabe,* 616 12 F.2d 1089, 1092 (9th Cir. 1980) (holding that claims asserted under 18 U.S.C. §§ 241 and 242 are criminal provisions that provide no basis for civil liability); *Elliot* v. *S.F. Dep't of Pub. Health,* No. 15-cv-03127-MEJ, 2015 WL 4196544, at *2 (N.D. Cal. July 10, 2015) (dismissing plaintiffs claim for perjury); *Sepehry-Fard* v. *Bank of New York Mellon, N.A.,* No. 12-cv-1260-LHK, 2012 16 WL 4717870, at *4 (N.D. Cal. Oct. 2, 2012) (dismissing claims under Title 18 of the U.S. Code).

**SIXTEENTH AFFIRMATIVE DEFENSE (Reliance Upon Federal and State Laws, Municipal Ordinances and Agreements)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant is informed and believe and based thereon alleges that all applicable legal requirements pertaining to any and all actions taken against Plaintiff by all Defendants in this action, especially this answering defendant, have been complied with

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

through all necessary laws, ordinances and agreements having been obtained from appropriate authorities upon which this answering defendant reasonably relied upon the powers vested in said legal authorities and that such laws, ordinances and agreements conferred vested rights upon this answering defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE AFFIRMATIVE DEFENSE (Actual Cause)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that the acts alleged in the Complaint, on the part of this answering Defendant, did not actually cause the injuries complained of by Plaintiff. As such, this answering Defendant is not liable for the injuries complained of herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE (Proximate Cause)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that there is no proximate causation to link the injuries complained of by Plaintiffs, with any actions on the part of this answering Defendant, if any there may be, as alleged in the Complaint. As such, this answering Defendant is not liable for the injuries complained of.

### NINETEENTH AFFIRMATIVE DEFENSE (Malicious Intent)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that it did not act with malicious intent to deprive the decedent and Plaintiffs of constitutional rights or to cause other injury. This answering Defendant, therefore, alleges that they are immune from liability.

### TWENTIETH AFFIRMATIVE DEFENSE (Failure to Mitigate Damages)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant denies that Plaintiff has been damaged in any

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**
**CASE NO.:  CV-15-03833 PSG**

cognizable legal way as a result of any actions of these answering defendants. However, should it be determined that Plaintiff has been so damaged, these answering defendants allege based on information and belief that Plaintiff has failed to mitigate his purported damages and further alleges, to the extent any such damages could have been mitigated, that said sum should be deducted from any award of damages should any such damages be awarded.

### TWENTY-FIRST AFFIRMATIVE DEFENSE (Assumption of Risk)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that based on information and belief that the Plaintiff voluntarily and with knowledge of the matters alleged in the complaint assumed any and all risks, hazards, and perils of the conditions alleged therein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE (No Basis for Attorney Fees)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that that the complaint, and each and every claim for relief thereof, failed to state facts that would support an award of attorney fees or litigation costs against this answering defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE (No Case or Controversy)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that that the complaint as a whole, and each and every claim for relief thereof asserted, presents no actual case or controversy or justicable issue suitable for determination by this court.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE (No Violation of Law)

These answering defendants allege that the complaint herein and each and every purported claim for relief therein are barred because these answering defendants cannot be found liable and

their alleged conduct did not violate any state or federal law as alleged herein.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE (No Cognizable Claim under 42 U.S.C. §1983)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that Plaintiff cannot establish a claim under **42 U.S.C. §1983**, as he lacks two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 23 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 49 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 24 12~5 (9th Cir. 1987).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE (No Favorable Termination of Plaintiff's Criminal Prosecution)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that he cannot use section 1983 to challenge his arrest without first demonstrating a favorable termination of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994). A section 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-9 82, 125 S.Ct. 1242 (2005).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE (Defendants Not Liable)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that their conduct was not the cause in fact or proximate cause of any damages purportedly suffered by Plaintiff or of any potential damages purportedly alleged by Plaintiff.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE (Defendants Due Care)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

of action contained therein, this answering Defendant asserts that at all times set forth in the Plaintiff's complaint, and each and every claim for relief therein, have acted in good faith, exercised reasonable care, and complied with all duties owed by it to the public in the operation of a business establishment open to the public.

### TWENTY-NINTH AFFIRMATIVE DEFENSE (Neglect and Fault)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that the search was authorized by an exception to the warrant requirement, including but not limited to consent (including third party consent), search incident to arrest, exigency, hot pursuit, and response to an emergency.

### THIRTIETH AFFIRMATIVE DEFENSE (Immunity - Lack of Federal Right)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that at the time of the events alleged by Plaintiff, there were no clearly established constitutional rights, of which this answering Defendant knew or should have known, which required this answering Defendant to act differently than it did, in fact, act. This answering Defendant, therefore, alleges that it is immune from liability.

### THIRTY-FIRST AFFIRMATIVE DEFENSE (Plaintiff's Comparative Fault)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that Plaintiff was careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault, proximately and concurrently caused the alleged damages sustained by Plaintiffs. Under principles of comparative fault, Plaintiffs must bear sole, or partial, responsibility for their alleged injuries, damages or other alleged loss, if any there be, using a percentage allocation of Plaintiffs' fault or negligence.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

**THIRTY-SECOND AFFIRMATIVE DEFENSE (Comparative Fault of Third Persons)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that the happening of the incidents complained of, and the loss and damage, if any, which Plaintiffs allegedly sustained, were caused

**THIRTY-THIRD AFFIRMATIVE DEFENSE (Damages are Excessive)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering defendant alleges to the extent, if any, that the Plaintiff may be entitled to any damages, the damages may not exceed the nature of damages or amounts of damages imposed by statutory or common law limitations and caps contained in applicable Federal and State law and these answering defendants, on information and belief, allege that damages as prayed for by Plaintiff herein are excessive.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE (Privileged/Justified Conduct)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that the conduct at all times material herein was privileged and/or justified under applicable law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE (Exhaustion of Administration Remedies)**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that each and every cause of action of the Complaint is barred in that Plaintiffs have failed to exhaust their administrative remedies, including but not limited to statutory remedies, remedies provided by any applicable court order, and by any applicable collective bargaining agreement.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE (No Established Constitutional Rights)**

As and for a separate and affirmative defense to the Complaint, this answering Defendant

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

alleges that at the time of the events alleged by Plaintiffs, there were no clearly established constitutional rights which support Plaintiff's claims for damages under the Fifth Amendment (due process applicable only to the federal government depriving persons of due process); Fourteenth Amendment (§1983 Due Process Claim) as Plaintiff's claim is solely based on damage to or destruction of his property, not a denial of an adequate remedy process. See *Zinermon v. Burch*, 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) ("The constitutional violation actionable under §1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process; *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); Cal. Vehicle Code § 14602.6; *Salazar* v. *City of Maywood,* 414 F.App'x 73, 75 (9th Cir. 2011) (affirming district court's dismissal of section 1983 challenge to VC § 14602.6 and holding that notice and hearing provisions of VC §14602.6 satisfy due process); *Alviso* v. *Sonoma Cnty. Sheriffs Dep 't,* 186 Cal.App.4th 198, 209-214 (2010) (finding impound scheme provided for by [VC §] 14602.6 and [VC §] 22852 do not violate due process); *Samples* v. *Brown,* 1.46 Cal.App.4th.787, 801 (2007).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE (Justifiable Use of Force)

As and for a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that if in fact any force was used to effect the arrest or detention of Plaintiffs, such force was authorized and privileged pursuant to the California Penal Code and as a proximate result thereof Plaintiffs are barred from any recovery herein for any alleged injury or damage if any there were.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE (Probable Cause to Arrest)

As and for a separate and distinct affirmative defense to the Complaint, this answering Defendant alleges that at all times mentioned in Plaintiffs' Complaint, this answering defendant had reasonable and probable cause to tow and impound Plaintiff's vehicle, based on the numerous

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG

violations of the California Penal Code, Vehicle Code, and other provisions of California law.  See

*Younger* v. *Harris,* 401 U.S. 37 (1971); *Samuels* v. *Mackell,* 401 U.S. 66, 91 S.Ct; 764 (1971);

California Vehicle Code §14601(a)(1), §14607.4, §14607.6,

## COUNTERCLAIMS

Defendant Trujillo alleges upon knowledge of himself and upon information as to all other

matters, as follows:

1.      Trujillo is the owner and operator of a towing service in San Jose, California, which

services Santa Clara County.

2.      Trujillo is called out on a routine basis by law enforcement agencies to tow and store

vehicles involved with certain traffic citations and criminal violations of the law.

3.      Trujillo was called out by the California Highway Patrol on August 20, 2014, who

arrested Counter-Defendant Paul Hilf.

4.      Trujillo towed and stored Counter-Defendant's 1999 Mazda pick-up from that date to

the present and has not been able to release the vehicle, as he has been instructed by law

enforcement agencies to continue to store the vehicle at his location, until further directive or order

from the Court, and all towing and storage fees are paid.

5.      Counter-Defendant has not taken proper steps pursuant to California Vehicle Code

Section V C Section 14607.6 and 22850.5 to obtain the release of his vehicle from impoundment and

to pay the outstanding towing and storage charges.

6.      To date, Counter-Defendant owes Counter Plaintiff a sum in excess of

$ 10,050 .00 as and for outstanding towing and storage charges, plus interest at the legal

rate from August 20, 2014 to the present.

7.      Counter-Claimant now prays for the Court to award him damages for all outstanding

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.:  CV-15-03833 PSG

towing and storage charges according to proof.

WHEREFORE, this answering defendant / Counter Plaintiff prays as follows:

1.     That Plaintiffs complaint and each claim for relief be dismissed;

2.     That Plaintiff takes nothing by reason of this Complaint or any claim for relief therein;

3.     That judgment be rendered in favor of Counter-Claimant for any and all outstanding towing and storage charges, plus interest at the legal rate from August 20, 2014 up to the judgment date, according to proof;

4.     That this answering defendant/Counter-Claimant be awarded his attorneys fees and costs of suit for this action; and,

5. For such other further relief as the Court deems proper.

Dated: December 4, 2015

Respectfully submitted,

**ARTHUR TRUJILLO**
**DEFENDANT and**
**COUNTER-CLAIMANT**

Page 18 of 20.

1

VERIFICATION OF ANSWER, AFFIRMATIVE DEFENSES AND COUNTER CLAIMS

2

3

**STATE OF CALIFORNIA**
**COUNTY OF SANTA CLARA**

4

5

　　　　**BEFORE ME** personally appeared Arthur Trujillo who, being by me first duly sworn and

6

identified in accordance with California law, deposes and says:

7

　　　　1.　　My name is Arthur Trujillo, one of the Defendants and Counter Claimants herein;

8

　　　　2.　　I have read and understood the attached foregoing **ANSWER, AFFIRMATIVE**

9

**DEFENSES AND COUNTER CLAIMS** herein, and I hereby verify that I know each fact alleged

10

therein is true and correct of my own personal knowledge, except those facts / allegations which are

11

asserted on information and belief.

12

13

　　　　I declare that the foregoing is true and correct to the best of my knowledge.

14

15

16

**ARTHUR TRUJILLO**
**DEFENDANT and**
**COUNTER-CLAIMANT**

17

18

19

SWORN TO and subscribed before me this _4th_ day of December, 2015.

20

Notary Public　　_See attached_

21

My commission expires:

22

23

24

25

26

27

28

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**
**CASE NO.:  CV-15-03833 PSG**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Santa Clara_

Subscribed and sworn to (or affirmed) before me on this _04_ day of _December_, 20_15_, by _Arthur Trusillo_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



MARTHA RIOS
COMM. # 1965793
NOTARY PUBLIC-CALIFORNIA
SANTA CLARA COUNTY
MY COMM. EXP. FEB. 3, 2016

(Seal)                    Signature _Martha Rios_

## CERTIFICATE OF SERVICE
*(Federal Rule of Civil Procedure 5)*

**Case name:**     Paul Hilf vs. Matthew Grasmuck and Arthur Trujillo
**Case number:**   **CV-15-03833 PSG**

**What document was served?**

Defendant Arthur Trujillo's Answer, Affirmative Defenses and Counter Claim vs. Paul Hilf.

**How was the document served?** *(Check one.)*
X Placed in U. S. Mail
☐ Sent by fax
☐ Hand-delivered
☐ Sent by delivery service (e.g., FedEx or UPS)

**To whom was the document sent?**

**Paul Hilf**
267 Los Palmos Way
San Jose, California 95119

**When were the documents served?** *(When were they mailed, faxed, or delivered?)*
Date:   December 4, 2015

**Who served the documents?**

**ARTHUR TRUJILLO**
395 Umbarger Road
San Jose, CA 95111
Telephone: (408) 226-7255

I declare under penalty of perjury under the laws of the United States of America that the information in this certificate of service is true and correct.

*[signature]*

**ARTHUR TRUJILLO**
395 Umbarger Road
San Jose, CA 95111
Telephone: (408) 226-7255

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CASE NO.: CV-15-03833 PSG