1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

8

PAUL HILF,

9

Plaintiff,

10

v.

11

MATTHEW GRASMUCK, et al.,

12

Defendants.

13

Case No. 5:15-cv-03833-PSG

**ORDER GRANTING MOTION TO DISMISS, DENYING JUDGMENT ON THE PLEADINGS, DENYING MOTION TO CLAIM AND EXERCISE CONSTITUTIONAL RIGHTS, DENYING MOTION TO READ ALL PLEADINGS, STRIKING NOTICE OF REMOVAL**

**(Re:  Docket Nos. 11, 23, 24, 25, 34)**

14        Plaintiff Paul Hilf, proceeding pro se, alleges that Defendant Matthew Grasmuck, a

15 California Highway Patrol officer, unlawfully arrested and falsely imprisoned him.[1]  Hilf also

16 alleges that Grasmuck and Defendant Arthur Trujillo, who also is proceeding pro se, deprived Hilf

17 of his private property without due process.[2]  Because *Younger v. Harris*[3] requires the court to

18 abstain from interfering with ongoing state criminal proceedings, Grasmuck's motion to dismiss is

19 GRANTED.  Leave to amend is DENIED because amendment would be futile.

20        As for Hilf's motions for judgment on the pleadings,[4] to claim and exercise Constitutional

21

22

---

[1] *See* Docket No. 1 at ¶¶ 18-19.

23

[2] *See id.* at ¶¶ 20-25.

24

[3] 401 U.S. 37 (1971).

25

[4] *See* Docket No. 24.

26

27

1

28

United States District Court
Northern District of California

1    rights[5] and to demand that the court read all his pleadings,[6] they also are DENIED, and his notice

2    of removal of his state court criminal case[7] is STRICKEN.

3                                                            **I.**

4           Hilf alleges that Grasmuck, acting in his capacity as a CHP officer, arrested Hilf without a

5    warrant, probable cause or exigent circumstances, and held him captive for nearly an hour.[8]

6    Grasmuck then had Hilf's car towed by Trujillo and impounded under Cal. Veh. Code § 14602.6,

7    which authorizes the seizure of a vehicle when a person drives with a suspended license.[9]

8    Grasmuck also cited Hilf for driving an unregistered vehicle in violation of Cal. Veh. Code §

9    4000(a)(1) and for driving with a suspended driver's license in violation of Cal. Veh. Code §

10   14601(a).[10]  Hilf currently has a criminal case pending against him in state court for the latter

11   offense.[11]

12          Based on these events, Hilf alleges violations of 18 U.S.C. §§ 241, 242 and 42 U.S.C. §

13   1983, and specifically asserts claims for unlawful arrest and false imprisonment in violation of the

14   Fourth and Fifth Amendments against Grasmuck and for deprivation of property without due

15   process against both Grasmuck and Trujillo.

16                                                           **II.**

17          This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The parties further

18   _____

19   [5] *See* Docket No. 25.

20   [6] *See* Docket No. 34.

21   [7] *See* Docket No. 23.

22   [8] *See* Docket No. 1 at ¶¶ 8-11.

23   [9] *See id.*; Cal. Veh. Code. § 14602.6(a)(1).

24   [10] *See* Docket No. 11 at 3.

25   [11] *See* Docket No. 12-1; *People v. Paul Leonard Hilf*, Case No. C1493367 (Santa Clara Cty Super.
26   Ct. Sep. 22, 2014).

27                                                            2

28   ORDER GRANTING MOTION TO DISMISS, DENYING JUDGMENT ON THE PLEADINGS,
     DENYING MOTION TO CLAIM AND EXERCISE CONSTITUTIONAL RIGHTS, DENYING
     MOTION TO READ ALL PLEADINGS, STRIKING NOTICE OF REMOVAL

United States District Court
Northern District of California

United States District Court
Northern District of California

1    consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and

2    Fed. R. Civ. P. 72(a).[12]

3        A complaint must contain "a short and plain statement of the claim showing that the

4    pleader is entitled to relief."[13]  When a plaintiff fails to proffer "enough facts to state a claim to

5    relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon

6    which relief may be granted.[14]  A claim is facially plausible "when the pleaded factual content

7    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

8    alleged."[15]  Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable

9    legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[16]

10   Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint

11   could not be saved by amendment.[17]

12       At this stage of the case, the court must accept all material allegations in the complaint as

13   true and construe them in the light most favorable to the non-moving party.[18]  The court's review

14   is limited to the face of the complaint, materials incorporated into the complaint by reference and

15   matters of which the court may take judicial notice.[19]  However, the court need not accept as true

16   allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[20]

17   _____

18   [12] *See* Docket Nos. 10, 20, 37.

19   [13] Fed. R. Civ. P. 8(a)(2).

20   [14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

21   [15] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

22   [16] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

23   [17] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

24   [18] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

25   [19] *See id.*

26   [20] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*,

27                                                                                              3
     Case No. 5:15-cv-03833-PSG

28   ORDER GRANTING MOTION TO DISMISS, DENYING JUDGMENT ON THE PLEADINGS,
     DENYING MOTION TO CLAIM AND EXERCISE CONSTITUTIONAL RIGHTS, DENYING
     MOTION TO READ ALL PLEADINGS, STRIKING NOTICE OF REMOVAL

1    Under principles of comity and federalism, a federal court should not interfere with

2  ongoing state criminal proceedings except under special circumstances.[21]  *Younger* abstention is

3  required when (1) state judicial proceedings are pending; (2) the proceedings implicate important

4  state interests and (3) the proceedings provide an adequate opportunity to raise constitutional

5  challenges.[22]

6                                                **III.**

7    Applying the above standards, Grasmuck's motion to dismiss is GRANTED.  All three

8  elements for *Younger* abstention are satisfied: there is a state criminal case pending against Hilf,

9  that case implicates the important state interest of prosecuting persons that drive with a suspended

10  driver's license,[23] and the criminal case is an adequate place for Hilf to raise his Fourth

11  Amendment and due process challenges to the traffic stop, alleged detainment and seizure of his

12  property.  *Younger* abstention requires the court not to interfere with the state court criminal

13  proceedings by adjudicating the validity of the traffic stop, alleged arrest, alleged detainment and

14  seizure of Hilf's car, all of which are at issue in his state criminal case.

15    Moreover, *Younger* abstention also bars the claim against Trujillo for deprivation of

16

17  _____

18  550 U.S. at 561 (holding that "a wholly conclusory statement of [a] claim" will not survive a
    motion to dismiss).

19  [21] *See Younger v. Harris*, 401 U.S. 37 (1971).

20  [22] *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct.
21  2515, 2521, 73 L. Ed. 2d 116 (1982).

22  [23] *See* Cal. Veh. Code § 14607.4 ("The Legislature finds and declares all of the following:

23      Of all drivers involved in fatal accidents, more than 20 percent are not licensed to
        drive. A driver with a suspended license is four times as likely to be involved in a
24      fatal accident as a properly licensed driver. . . . Californians who comply with the
        law are frequently victims of traffic accidents caused by unlicensed drivers. . . . The
25      state has a critical interest in enforcing its traffic laws and in keeping unlicensed
        drivers from illegally driving.")
26

27                                          4
    Case No. 5:15-cv-03833-PSG
28  ORDER GRANTING MOTION TO DISMISS, DENYING JUDGMENT ON THE PLEADINGS,
    DENYING MOTION TO CLAIM AND EXERCISE CONSTITUTIONAL RIGHTS, DENYING
    MOTION TO READ ALL PLEADINGS, STRIKING NOTICE OF REMOVAL

United States District Court
Northern District of California

United States District Court
Northern District of California

1  property without due process.  Although Trujillo did not formally move to dismiss or join

2  Grasmuck's motion, he does plead failure to state a claim as an affirmative defense to Hilf's

3  complaint.[24]  Hilf had the opportunity to fully brief the *Younger* issue in his opposition to

4  Grasmuck's motion.[25]  In light of Hilf and Trujillo's status as pro se litigants and in the interest of

5  controlling its docket, the court takes this defense up now, rather than imposing the burden of

6  requiring additional filings on the parties.  The due process claim depends on whether Hilf's

7  vehicle was properly impounded pursuant to Cal. Veh. Code § 14602.6, for driving with a

8  suspended license.  Adjudicating this claim would require assessing the validity of the traffic stop,

9  alleged arrest and alleged detainment, and any ruling by the court would interfere with the state

10  criminal prosecution for driving with a suspended license.

11        Because Hilf's claims arise out of events requiring *Younger* abstention, leave to amend

12  would be futile and is DENIED.

13                                              **IV.**

14        Hilf moves for judgment on the pleadings on the basis that Defendants did not timely

15  answer his complaint.[26]  This motion is DENIED because Grasmuck timely moved to dismiss[27]

16  and thus tolled the deadline for filing an answer,[28] and because the court accepted Trujillo's late

17  answer as timely filed in light of Trujillo's pro se status.[29]

18        Hilf also moves to claim and exercise his Constitutional rights[30] and to demand that the

---

[24] *See* Docket No. 35 at 6.

[25] *See* Docket No. 26.

[26] *See* Docket No. 24.

[27] *See* Docket No. 11.

[28] *See* Fed. R. Civ. P. 12(a)(4).

[29] *See* Docket No. 43.

[30] *See* Docket No. 25.

5

Case No. 5:15-cv-03833-PSG
ORDER GRANTING MOTION TO DISMISS, DENYING JUDGMENT ON THE PLEADINGS, DENYING MOTION TO CLAIM AND EXERCISE CONSTITUTIONAL RIGHTS, DENYING MOTION TO READ ALL PLEADINGS, STRIKING NOTICE OF REMOVAL

1   court read all pleadings and adhere to the Constitution, the law and the Bill of Rights.[31]  The court

2   reads all pleadings and adheres to the law when issuing its rulings.  However, these motions are

3   DENIED as procedurally improper.

4          Finally, Hilf filed a notice of removal of his state court criminal case.[32]  28 U.S.C. §

5   1441(c)(1)(A) does not permit the removal of criminal cases; this notice is STRICKEN as

6   improper.

7   **SO ORDERED.**

8   Dated: January 8, 2016

9                                                                     PAUL S. GREWAL
                                                                      United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   ───────────────────

25   [31] *See* Docket No. 34.

26   [32] *See* Docket No. 23.

27                                                   6
     Case No. 5:15-cv-03833-PSG

28   ORDER GRANTING MOTION TO DISMISS, DENYING JUDGMENT ON THE PLEADINGS,
     DENYING MOTION TO CLAIM AND EXERCISE CONSTITUTIONAL RIGHTS, DENYING
     MOTION TO READ ALL PLEADINGS, STRIKING NOTICE OF REMOVAL

United States District Court
Northern District of California