1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL HILF,

             Plaintiff,

    v.

MATTHEW GRASMUCK, et al.,

             Defendants.

Case No. 5:15-cv-03833-PSG

**ORDER DISMISSING
COUNTERCLAIM**

**(Re:  Docket No. 35)**

The court dismissed Plaintiff Paul Hilf's complaint without leave to amend due to *Younger* abstention.[1]  The court now DISMISSES Defendant Arthur Trujillo's counterclaim for lack of subject matter jurisdiction.[2]

## I.

Trujillo claims that he towed and stored Hilf's car at the order of the California Highway Patrol and that Hilf has not taken the proper steps under Cal. Veh. Code §§ 14607.6, 22850.5 to reclaim his car.[3]  Trujillo seeks $10,050.00 plus interest for outstanding towing and storage costs.[4]

## II.

Federal courts have original jurisdiction over civil actions "arising under the Constitution,

---

[1] *See* Docket No. 44.

[2] *See* Docket No. 35 at 17-18.

[3] *See id.* at 17.

[4] *See id.*

Case No. 5:15-cv-03833-PSG
ORDER DISMISSING COUNTERCLAIM

1

laws, or treaties of the United States."[5]  A claim "arises under" federal law if, based on the "wellpleaded complaint rule," the plaintiff alleges a federal claim for relief.[6]  Defenses and counterclaims asserting a federal question do not satisfy this requirement.[7]  Federal district courts also have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states.[8]

In this case, the court lacks both "arising under" and diversity jurisdiction.  Trujillo's counterclaim consists solely of a state law claim and less than $75,000 is in controversy, and so there is no independent basis for jurisdiction over the counterclaim.[9]  The court dismissed Hilf's complaint because *Younger v. Harris* requires federal courts to abstain from interfering with ongoing state criminal proceedings, and so the court may not exercise supplemental jurisdiction over Trujillo's counterclaim.[10]  Trujillo's counterclaim is DISMISSED.  Trujillo may file his own action against Hilf in state court to collect his requested relief.

**SO ORDERED.**

Dated: January 11, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

United States District Court
Northern District of California

---

[5] *See* 28 U.S.C. § 1331.

[6] *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).

[7] *Id.*

[8] *See* 28 U.S.C. §1332.

[9] *See, e.g.*, *Davis v. Bayer*, Case No. C-93-1568-DLJ, 1993 WL 372258, at *3 (N.D. Cal. Sept. 8, 1993) (dismissing plaintiff's complaint due to *Younger* abstention and denying entry of default and judgment on defendant's state-law counterclaim for lack of jurisdiction).

[10] *See* Docket No. 44 at 4-5.

Case No. 5:15-cv-03833-PSG
ORDER DISMISSING COUNTERCLAIM